673 A.2d 956

**COMMONWEALTH of Pennsylvania**

v.

**Naim Akbar POTTS, Appellant. (Two Cases.)**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1995.

Filed March 25, 1996.

Patrick J. Connors, Assistant Public Defender, Media, for appellant.

Dennis C. McAndrews, Assistant District Attorney, Media, for Commonwealth, appellee.

Before BECK, POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge:

These appeals are from an April 15, 1994 judgment of sentence for robbery[1] and third degree murder.[2] Appellant, Naim Akbar Potts, now presents the following issues for our review:

I. Whether the [juvenile] court grossly abused its discretion when it transferred appellant's robbery case to the adult court from the juvenile court?

II. Whether the lower court grossly abused its discretion when it refused to transfer appellant's murder case to the juvenile court?

Appellant's Brief at 7.

■ Appellant was sixteen years old when he was arrested on August 28, 1993 for robbery involving the use of a firearm. Appellant was arrested again on October 15, 1993 on an unrelated murder charge, as well as other charges. Thereafter, the juvenile court transferred him to adult criminal court for the robbery charge. Appellant then filed a petition to transfer the robbery charge back to juvenile court and a separate petition to transfer the murder charge to juvenile court. The trial court denied both petitions. Subsequently, appellant pled guilty on April 15, 1994 to the underlying charges in exchange for the Commonwealth's *nolle prosequi* on the charges of recklessly endangering another person,[3] unauthorized use of a motor vehicle,[4] theft by receiving stolen property,[5] possession of firearms without a license,[6] possessing

1. 18 Pa.C.S. § 3701.
2. 18 Pa.C.S. § 2502.
3. 18 Pa.C.S. § 2705.
4. 18 Pa.C.S. § 3928.
5. 18 Pa.C.S. § 3925.
6. 18 Pa.C.S. § 6106.

instruments of a crime,[7] and criminal conspiracy.[8] N.T. 4/15/94 at 11, 33. Thereafter, he was sentenced to five (5) to ten (10) years imprisonment on the robbery charge and three (3) to six (6) years imprisonment on the murder charge, to be served consecutively. This timely appeal followed.[9]

■ Appellant first argues that the juvenile court erred in certifying appellant's robbery petition for transfer to the adult court.

■ In a certification hearing, the Commonwealth has the burden of proving that the juvenile is not amenable to treatment, supervision, or rehabilitation through available juvenile facilities. 42 Pa.C.S. § 6355. The juvenile court considers several factors in making this determination, such as: (1) the juvenile's age; (2) mental capacity; (3) maturity; (4) the degree of criminal sophistication exhibited by the child; (5) previous records, if any; (6) the nature and extent of any prior delinquent history, including the success or failure of any previous attempts by the juvenile court to rehabilitate the child; (7) whether the child can be rehabilitated prior to the expiration of the juvenile court jurisdiction; (8) probation or institutional reports, if any; (9) the nature and circumstances of the acts for which the transfer is sought; and (10) any other relevant factors. *Id.* As to appellate review of this decision, our Supreme Court has stated:

> [There is an] appropriate limited scope of review of certification decisions.... "[W]e will not set aside a certification unless an appellant demonstrates that the court committed a **gross abuse** of discretion." A gross abuse of discretion is not demonstrated by merely reciting facts of record that would support a result contrary to the court's actual decision.

7.  18 Pa.C.S. § 907.

8.  18 Pa.C.S. § 903.

9.  Although appellant pled guilty, he did not waive this appeal as the issue of certification from the criminal division to the juvenile division is jurisdictional and therefore not waivable. *Commonwealth v. Johnson,* 435 Pa.Super. 132, 159, 645 A.2d 234, 248 (1994) (*en banc*), affirmed, 542 Pa. 568, 669 A.2d 315 (1995).

*Commonwealth v. Moss,* 518 Pa. 337, 341–42, 543 A.2d 514, 516 (1988).

Here, there was testimony at appellant's certification hearing regarding the sophistication of the instant robbery, where appellant along with three or four colleagues donned ski masks and robbed their victim at gunpoint. N.T. 10/28/93 at 32. In addition, it was noted at the hearing that appellant had previously been adjudicated delinquent of recklessly endangering another person, an incident where appellant and an accomplice fired their guns and beat their victim with their guns. N.T. 10/28/93 at 26. Finally, the juvenile court was also aware of the fact that appellant was implicated in a homicide at the time of the hearing. N.T. 10/28/93 at 26. Consequently, the juvenile court did not grossly abuse its discretion in finding that appellant was not amenable to treatment in a juvenile facility. *See Moss,* 518 Pa. at 342, 543 A.2d at 516–17 (1988) (evidence that juvenile had been involved in crimes which required "high sophistication," and evidence of his involvement in several other crimes, were sufficient to find that certifying judge did not abuse her discretion).

■ Appellant next contends that the trial court erred in failing to transfer the murder petition to juvenile court.

■ While the prosecution of juvenile offenders is generally within the exclusive jurisdiction of the juvenile court, this is not the case for the charge of murder. 42 Pa.C.S. § 6322. With this charge, the criminal adult court has jurisdiction, but the case may be transferred to juvenile court if the juvenile proves that he is amenable to treatment, supervision, or rehabilitation within the juvenile system. *Commonwealth v. Leatherbury,* 390 Pa.Super. 558, 560–61, 568 A.2d 1313, 1315 (1990), *appeal denied,* 525 Pa. 643, 581 A.2d 570 (1990). If rehabilitation cannot be assured during the child's minority, the child has failed to establish that he was amenable to juvenile rehabilitation. *Commonwealth v. Cessna,* 371 Pa.Super. 89, 100, 537 A.2d 834, 839 (1988). Moreover, we have stated that "if appellant is to prevail [on this claim], he must

show a gross abuse of the broad discretion of the hearing judge who refused the transfer application. Such abuse may not merely be a misapplication of the law, but an exercise of manifestly unreasonable judgment based upon partiality, prejudice or ill will." *Id.* at 99, 537 A.2d at 839.

In the instant case, during the trial court hearing on the petition to transfer to juvenile court, appellant's expert witness, a psychiatrist, stated that "I'm not going to sit here and guarantee to the Court that he would be rehabilitated at age 21. He's a close call. There are some people I've seen where I don't say that.... I can't guarantee to the Court that he would be rehabilitated." N.T. 2/18/94 at 42. Consequently, as appellant failed to prove that rehabilitation could be assured during his minority, the trial court did not grossly abuse its discretion in finding that appellant was not amenable to treatment in a juvenile facility. *Cessna, supra; Leatherbury, supra.*[10]

Accordingly, judgment of sentence is affirmed.

Affirmed.

**10.** Appellant also sets forth a claim that the trial court abused its discretion in not transferring the robbery petition back to juvenile court. While this claim is not in appellant's Statement of the Questions section, we will still address it. *See Commonwealth v. Bell,* 328 Pa.Super. 35, 41, 476 A.2d 439, 443 (1984) (addressing issues even through appellate brief contained flagrant violation of rule involving Statement of Questions Involved section). Quite simply, this claim is meritless because the trial court did not have the authority to decertify the robbery petition back to the juvenile court. *See Commonwealth v. Madden,* 342 Pa.Super. 120, 130, 492 A.2d 420, 426 (1985) ("[A] certification hearing in the juvenile court is an interlocutory proceeding and not reviewable by the criminal court judge and ... there is no basis for remand or 'decertification' of a juvenile case once it is certified to the criminal court.").