**In the Interest of Jose CRESPO a/k/a Jorge Cintron, Appellee.**

**Appeal of Commonwealth of Pennsylvania, Appellant.**

Superior Court of Pennsylvania.

Submitted April 27, 1999.
Filed July 29, 1999.

Catherine Marshall, Asst. Dist. Atty., Philadelphia, for the Com.

William A. Love, Philadelphia for appellee.

Before DEL SOLE, MONTEMURO * and BECK, JJ.

* Retired Justice assigned to the Superior Court.

1. An order denying certification of a juvenile defendant as an adult effectively terminates the criminal prosecution of the juvenile and is an interlocutory order which is immediately appealable because the Commonwealth would

DEL SOLE, J.:

¶ 1 This is a Commonwealth appeal from a pre-adjudication denial of a petition to certify Appellee for trial as an adult on gun and drug charges.[1] We vacate and remand.

¶ 2 In December 1994, Appellee, a juvenile, was arrested for selling heroine on a street corner in Philadelphia. He failed to appear for his preliminary hearing on the drug charges and a bench warrant was issued. Appellee resurfaced in September 1996 when police struggled with him over a fully loaded gun on the steps of a church. After being held for court on the drug and gun charges, the Commonwealth filed a motion to certify Appellee for trial as an adult. At the certification hearing, the Commonwealth offered evidence that while a fugitive from the juvenile justice system, Appellee led a life of crime and had been held for trial as an adult for three homicides and three attempted murders. One of the homicides was the stabbing of an elderly man, while two of the homicides and all three of the attempted murders involved shootings. The lower court denied certification without hearing further background concerning these crimes and this Commonwealth appeal followed.

¶ 3 The sole issue presented is whether the trial court erred by refusing to consider that Appellee had been held for court and confessed to three murders and three attempted murders when denying certification because Appellee had not yet been convicted of those crimes. Before an appellate court will set aside a decision of whether to transfer, the appellant must show a gross abuse of the broad discretion afforded the hearing judge. *Commonwealth v. Lee*, 703 A.2d 470 (Pa.Super.1997).

be deprived of review of the transfer order due to double jeopardy principles if it were required to wait until final disposition to appeal. *In Interest of McCord*, 445 Pa.Super. 137, 664 A.2d 1046 (1995).

¶ 4 The burden falls on the Commonwealth to establish that statutory prerequisites for the transfer of a juvenile to adult criminal court have been met. *Commonwealth v. McGinnis*, 450 Pa.Super. 310, 675 A.2d 1282 (1996). The burden includes establishing that the juvenile would not be amenable to treatment in the juvenile system and that the matter should be transferred to the adult system. *Commonwealth v. Rush*, 522 Pa. 379, 562 A.2d 285 (1989).

¶ 5 The Juvenile Act directs the certification court to consider the following factors in determining whether the public interest is served by transfer of the case:

(A) the impact of the offense on the victim or victims;

(B) the impact of the offense on the community;

(C) the threat to the safety of the public or any individual posed by the child;

(D) the nature and circumstances of the offense allegedly committed by the child;

(E) the degree of the child's culpability

(F) the adequacy and duration of dispositional alternatives available under this chapter and in the criminal justice system; and

(G) whether the child is amenable to treatment, supervision or rehabilitation as a juvenile by considering the following factors:

(I) age;

(II) mental capacity;

(III) maturity;

(IV) the degree of criminal sophistication exhibited by the child;

(V) previous records, if any;

(VI) the nature and extent of any prior delinquent history, including the success or failure of any previous attempts by the juvenile court to rehabilitate the child;

(VII) whether the child can be rehabilitated prior to the expiration of the juvenile court jurisdiction;

(VIII) probation or institutional reports, if any;

(IX) any other relevant factors.

42 Pa.C.S.A. § 6355(a)(4)(iii).

¶ 6 Pennsylvania caselaw indicates that outstanding criminal charges and other evidence of the pending crimes are factors relevant to the certification process. *See Commonwealth v. Moss*, 518 Pa. 337, 543 A.2d 514 (1988)(evidence that juvenile had been involved in crimes which required "high sophistication," and evidence of how the crimes were committed, were properly considered by judge in certifying juvenile to stand trial as an adult and was not an abuse of discretion); *Commonwealth v. Potts*, 449 Pa.Super. 306, 673 A.2d 956 (1996)(certifying court's consideration of fact that juvenile was implicated in a homicide at the time of the certification hearing, as well as other factors, was not an abuse of discretion).

¶ 7 While the trial court indicated awareness of the pending homicide charges in the adult court and stated it considered those charges in the certification process, we find the trial court erred in refusing the Commonwealth request to introduce testimony of the homicides and other adult crimes to demonstrate the likelihood that Appellee would be convicted. Without such evidence, we find the certifying court did not sufficiently weigh the factors enumerated in 42 Pa.C.S.A. § 6355(a)(4)(iii)(G). The trial court required to weigh these factors when considering whether the child is amenable to treatment and determining whether the public interest is served by transfer of the case. As the Commonwealth avers, if the testimony has been presented, the court would have known that of Appellee's confession to the crimes in question.

¶ 8 While we understand the certification court's concern surrounding consideration of pending charges which may have no basis in fact and would lead to

acquittal, the court clearly erred in not gaining sufficient knowledge of the quality of proof of the crimes and without such, there could be no meaningful consideration of the factors listed in 42 Pa.C.S.A. § 6355(a)(4)(iii)(G). Therefore, we vacate the order denying the certification to adult court and remand for proceedings consistent with this opinion.[2]

¶ 9 Order vacated and case remanded for proceedings consistent with opinion. Jurisdiction relinquished.

**2.** We note with stern disapproval the fact that the Commonwealth has included in the reproduced record, at pages 80a through 84a attached to its Brief, items which appear to be court history documents pertaining to Appellee's homicide and attempted murder charges. A thorough review of the certified record reveals that those documents are not included in the original record for review before this court. Consequently, those documents have no place in the reproduced record. Compliance with the Pennsylvania Rules of Appellate Procedure 2152–2154 regarding the contents of reproduced records on appeal is mandatory. We remind the Commonwealth that non-compliance may result in the imposition of sanctions under Pa. R.A.P. 2101. *Pennsylvania Human Relations Commission v. Ammon K Graybill, Jr., Inc., Real Estate*, 482 Pa. 143, 393 A.2d 420 (1978). Accordingly, this court did not consider those documents in reaching its decision and we admonish the Commonwealth for including items not of record in the reproduced record.