J-A11039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                 :               PENNSYLVANIA
                                 :

                v.                        :
                                 :

SEAN PATRICK SELLERS          :
                                 :

           Appellant        :     No. 1122 MDA 2016

Appeal from the Judgment of Sentence March 3, 2016
In the Court of Common Pleas of Franklin County
Criminal Division at No(s):  CP-28-CR-0000339-2014

BEFORE:   SHOGAN, MOULTON, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED JULY 31, 2017**

Appellant, Sean Patrick Sellers, appeals from the judgment of sentence entered by the Court of Common Pleas of Franklin County after a jury convicted him of Criminal Attempt, First Degree Murder, and other offenses occurring on the day the 16 year-old stole a firearm, a vehicle, and later fired multiple gunshots at a Pennsylvania State Trooper during a routine traffic stop.  Appellant challenges the court's order denying his pretrial motion to decertify the case to the juvenile system and its exercise of discretion in imposing standard range sentences, run consecutively, to form a 14-year aggregate sentence.  We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

The trial court aptly summarizes the procedural history of the present matter as follows:

The instant matter stems from a routine traffic stop that occurred on January 26, 2014. On that date, Trooper Donn Reid of the Pennsylvania State Police filed a Police Criminal Complaint alleging the Defendant [hereinafter "Appellant"] committed a number of offenses, including Attempt Murder of the First Degree.

On March 24, 2014, the Commonwealth filed an Information charging Appellant with nine counts. These counts included Criminal Attempt Murder of the First Degree, Criminal Attempt—Murder of a Law Enforcement Officer, Aggravated Assault—Attempted Serious Bodily Injury, Aggravated Assault—Attempt to Put Enumerated Officials in Fear, Simple Assault—Bodily Injury Attempted, Recklessly Endangering Another Person, Firearms Not to Be Carried Without a License, and two counts of Theft.[fn]

[fn] 18 Pa.C.S. §§ 901(a) to 2502(a), 901(a) to 2507(a), 2702(a)(1), 2702(a)(6), 2701(a), 2705, 6106(a)(1), and 3921(a), respectively.

On October 6, 2014, Appellant, through counsel, filed a Motion to Transfer Case to Juvenile Division. On October 8, 2014, the court[] entered an Order directing the Commonwealth to respond within 14 days. On October 20, 2014, the Commonwealth filed a Motion for Extension of Time to File Answer, which the court granted on October 24, 2014. On November 5, 2014, the Commonwealth filed its Answer to Defendant's Motion to Transfer Case to Juvenile Division. . . . On December 10, 2014, the court entered an Order setting a hearing on Appellant's Motion to Transfer Case to Juvenile Division for January 29, 2015.

On January 21, 2015, Appellant filed a Motion for Pre-Hearing Conference on Transfer Motion, which the court granted on January 22, 2015; a Pre-Hearing Conference was held on January 29, 2015. The court held the Pre-Hearing Conference as scheduled and rescheduled the transfer hearing for Friday, March

- 2 -

13, 2015. On March 11, 2015, Appellant filed a Joint Motion for Pre-Hearing Review of Exhibits which the court granted on March 12, 2015. The court held the hearing on the Transfer Motion as scheduled on March 13, 2015. On March 16, 2015, the court entered an Order denying Appellant's Motion to Transfer Case to Juvenile Division.

After a number of continuances and other collateral motions, this matter was scheduled for trial by jury. The trial was held as scheduled on Wednesday, January 20, 2016. On January 21, 2016, during the second day of the trial, Appellant ple[d] guilty to [Firearms Not to be Carried Without a License and two counts of Theft]. At the conclusion of the evidence on January 21, 2016, the jury returned verdicts of guilty on the remaining six counts.

On March 3, 2016, Appellant was sentenced to an aggregate period of incarceration of 168 to 344 months in a state correctional institute. On the same date, the court granted Steve Rice, Esq., leave to withdraw from the matter and appointed the Franklin County Public Defender's Office to represent Appellant. On March 8, 2016, Appellant, through counsel, filed a Motion for Extension of Deadline to File Post-Sentence Motions, which the court granted on March 9, 2016.

On April 4, 2016, Appellant filed a Post-Sentence Motion for Modification of Sentence[, which the court denied on June 15, 2016.]

On July 11, 2016, Appellant filed a Notice of Appeal. On July 12, 2016, the court entered an Order directing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

…

On July 26, 2016, Appellant filed a timely Concise Statement of Matters Complained of on Appeal[, and, on August 22, 2016, filed a court-approved amended concise statement raising the two issues presented here on appeal.]

Trial Court Opinion, filed 8/25/15, at 2-6.

Appellant presents the following questions for our review:

**I. DID THE TRIAL COURT ABUSE ITS DISCRETION WHEN IT SENTENCED APPELLANT TO AN AGGREGATE SENTENCE OF 168 TO 344 MONTHS IN A STATE CORRECTIONAL INSTITUTION, WHICH IS AT THE TOP OF THE STANDARD RANGE OF SENTENCES FOR EACH CRIME AND FAILS TO CONSIDER THE MITIGATING FACTORS PRESENT IN THIS CASE SUCH AS APPELLANT'S AGE AT THE TIME OF THE OFFENSE AND APPELLANT'S LACK OF A PRIOR CRIMINAL RECORD?**

**II. DID THE TRIAL COURT ABUSE ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO TRANSFER CASE TO JUVENILE DIVISION BECAUSE APPELLANT PROVIDED THE COURT WITH SUFFICIENT EVIDENCE TO MEET HIS BURDEN OF PROOF BY A PREPONDERANCE OF THE EVIDENCE THAT TRANSFER IS APPROPRIATE BECAUSE HE WOULD BE AMENABLE TO TREATMENT, SUPERVISION OR REHABILITATION AS A JUVENILE?**

Appellant's brief at 18.

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie

the sentencing process." **Commonwealth v. Sierra**, 752 A.2d 910, 912–13

(quoting **Commonwealth v. Brown**, 741 A.2d 726, 735 (Pa.Super. 1999)

(*en banc*). A bald allegation of excessiveness does not present a substantial

question. **Mouzon**, **supra**. Additionally, a court's refusal to weigh proposed

mitigating factors as the defendant wishes, absent more, does not raise a

substantial question. **Commonwealth v. Moury**, 992 A.2d 162 (Pa.Super.

2010).

> Moreover:
>
> Long standing precedent of this Court recognizes that 42 Pa.C.S.A. section 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. **Commonwealth v. Graham**, 541 Pa. 173, 184, 661 A.2d 1367, 1373 (1995).... Any challenge to the exercise of this discretion ordinarily does not raise a substantial question. **Commonwealth v. Johnson**, 873 A.2d 704, 709 n. 2 (Pa.Super. 2005); **see also Commonwealth v. Hoag**, 665 A.2d 1212, 1214 (Pa.Super. 1995) (explaining that a defendant is not entitled to a 'volume discount' for his or her crimes).

**Commonwealth v. Gonzalez-Dejusus**, 994 A.2d 595, 598 (Pa.Super.

2010).

Appellant received top-end standard range sentences, which the court

ran consecutively, resulting in an aggregate sentence of 168 to 344 months'

incarceration. He was 18 years, 4 months old at the time of sentencing. He

will be 32 when he is first eligible for release from prison.

In Appellant's Pa.R.A.P. 2119(f) statement, he challenges the court's

exercise of discretion where he had no prior history of violent offenses, his

victim escaped serious injury, a medical expert opined that he was amenable

to rehabilitation, and the pre-sentence investigation report recommended an aggregate sentence of 105 to 210 months. He maintains, further, that the court's significant departure from the PSI recommendation, which considered various mitigating factors, reflected the court's failure to consider the nature and circumstances of the offense and the history and characteristics of the defendant, such that the sentence runs contrary to fundamental sentencing norms.

We hold that, under the circumstances, Appellant has presented a substantial question for review. *See, e.g., Commonwealth v. Parlante*, 823 A.2d 927, 929–930 (Pa.Super. 2003) (holding allegations that court imposed disproportionate sentence and did not consider proper sentencing factors raised substantial question). Therefore, we consider the merits of Appellant's appeal of the discretionary aspects of his sentence.

Though adequate to raise a threshold-level substantial question for our review, Appellant fails to show that the trial court's standard range sentences were inconsistent with the gravity of the offense, the protection of the public, or Appellant's rehabilitative needs. With respect to the last sentencing consideration, Appellant argues that the court altogether disregarded Appellant's rehabilitative needs.

The record, however, belies Appellant's claim. At sentencing, the court's observations, stated on the record, reflected a consideration of Appellant's individual circumstances, both aggravating and mitigating, before it imposed sentence. *See* N.T., Sentencing Hearing, pp. 31-36. The court

acknowledged having the benefit of the PSI report and listened to Appellant's statement to the victim and to the court. It noted his difficult childhood and his commendable efforts to improve himself during his lengthy pre-trial incarceration.

On balance of all considerations, the court determined that a fourteen-year sentence comprising consecutively run sentences was fair and reasonable, and we discern no abuse of discretion in that conclusion. We note, further, that the imposition of consecutive, standard range sentences do not amount to a virtual life sentence, as Appellant will be eligible for parole at age 32.[1]

Next, Appellant assails the court's order denying his motion for decertification to juvenile court. We observe that trial courts have broad discretion in determining whether to grant decertification, and this Court will not reverse that determination absent a "gross abuse of discretion." *Commonwealth v. Ruffin*, 10 A.3d 336, 338 (Pa.Super. 2010).

_____

[1] To the extent Appellant's discretionary aspects argument focuses exclusively on the imposition of consecutive sentences, we refer to our well-settled jurisprudence, *cited* supra, that a sentencing court has discretion to impose consecutive sentences, 42 Pa.C.S.A. § 9721, and that "the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa.Super. 2012). Moreover, the imposition of an aggregate minimum sentence of 14 years is not manifestly excessive given the totality of circumstances present in the instant case.

> Although the Juvenile Act requires that a decertification court consider all of the amenability factors, it is silent as to the weight that should be assessed to each factor. The ultimate decision of whether to certify a minor to stand trial as an adult is within the sole discretion of a decertification court. A decertification court must consider all the facts set forth in § 6355 of the Juvenile Act, but it need not address, seriatim, the applicability and importance of each factor and fact in reaching its final determination.

*Id*.

> [A] juvenile seeking decertification has the burden of proving by the preponderance of the evidence that the transfer to juvenile court is warranted. 42 Pa.C.S.A. § 6322; ***Commonwealth v. Cotto***, 562 Pa. 32, 753 A.2d 217 (2000) (the Juvenile Act provides a mechanism for a minor to prove to the court that he does not belong in criminal court via § 6322). "The propriety of whether charges should be prosecuted in the juvenile court or adult court system implicates jurisdictional concerns." ***Hughes***, ***supra***, 865 A.2d at 776. Nonetheless, when the crime involved is one excluded from the Juvenile Act's definition of a delinquent crime, the charge is automatically within the jurisdiction of the criminal court and jurisdiction is presumptively proper. ***Id.*** at 777, ***citing Commonwealth v. Kocher***, 529 Pa. 303, 602 A.2d 1308, 1310 (1992) and ***Commonwealth v. Pyle***, 462 Pa. 613, 342 A.2d 101, 106–107 (1975), ***superseded by statute.***

***Commonwealth v. Shull***, 148 A.3d 820, 842 (Pa.Super. 2016), ***reargument denied*** (Nov. 23, 2016).

Section 6302 of the Juvenile Act excludes attempted murder and aggravated assault from the definition of delinquent act where, as in this case, a deadly weapon was used. 42 Pa.C.S.A. § 6302, "Delinquent Act" (2)(ii)(C) and (2)(iii)(I). Pursuant to § 6322 of the Juvenile Act, therefore, it was presumptively proper to commence prosecution of Appellant's offenses

in the court of common pleas criminal division rather than in juvenile court.

42 Pa.C.S.A. 6322(a).

Section 6322(a) provides, however, that such a prosecution can be transferred from criminal court to juvenile court in some circumstances:

> In determining whether to transfer a case charging murder or any of the offenses excluded from the definition of 'delinquent act' in section 6302, the child shall be required to establish by a preponderance of the evidence that the transfer will serve the public interest. In determining whether the child has so established that the transfer will serve the public interest, the court shall consider the factors contained in section 6355(a)(4)(iii) (relating to transfer to criminal proceedings).

42 Pa.C.S.A. § 6322(a).

In turn, § 6355(a)(4)(iii) provides numerous factors a court must consider in deciding a decertification motion. These factors are:

> (A)  the impact of the offense on the victim or victims;
> (B)  the impact of the offense on the community;
> (C)  the threat to the safety of the public or any individual posed by the child;
> (D)  the nature and circumstances of the offense allegedly committed by the child;
> (E)  the degree of the child's culpability;
> (F)  the adequacy and duration of dispositional alternatives available under this chapter and in the adult criminal justice system; and
> (G)  whether the child is amenable to treatment, supervision or rehabilitation as a juvenile by considering the following factors:
>   (I)   age;
>   (II)  mental capacity;
>   (III) maturity;
>   (IV) the degree of criminal sophistication exhibited by the child;
>   (V) previous records, if any;

(VI) the nature and extent of any prior delinquent history, including the success or failure of any previous attempts by the juvenile court to rehabilitate the child;
(VII) whether the child can be rehabilitated prior to the expiration of the juvenile court jurisdiction;
(VIII) probation or institutional reports, if any;
(IX) any other relevant factors; and

42 Pa.C.S.A. § 6355(a)(4)(iii)(A-G).

Simply citing some factors which, standing alone, could support decertification does not establish the gross abuse of discretion required to reverse a court's order refusing to decertify a case. *Cf Commonwealth v. Potts*, 449 Pa.Super. 306, 673 A.2d 956, 958 (1996) (recognizing a gross abuse of discretion is not demonstrated by merely reciting facts of record that would support a result contrary to the court's actual decision.") (citation omitted). "When evaluating the propriety of a certification decision, absent evidence to the contrary, a reviewing court must presume that the juvenile court carefully considered the entire record." *Commonwealth v. Jackson*, 722 A.2d 1030, 1034 (Pa. 1999).

The trial court's Pa.R.A.P. 1925(a) opinion contains a thoughtful and cogent discussion of the Section 6355(a)(4)(iii) considerations it made in reaching its decision to deny decertification. As we discern no gross abuse of discretion in the court's determination, which finds support in the record,[2] we reject Appellant's claim.

_____

[2] The decertification hearing took place 14 months after the attempted shooting. Regarding Factor A, concerning the impact on the victim, Trooper
*(Footnote Continued Next Page)*

Judgment of sentence is AFFIRMED.

Quinn described being in a state of shock for a few days after the attempted shooting. After that, he testified, he was in "a continued state of shock [for some time]. Kind of not scared mentality to work but just a fear, a different fear that I'd never felt before….just fearing that happening again on a traffic stop." N.T., Decertification Hearing, at p.8. He also felt isolated from others, a condition he says contributed to his break-up with his fiancee' and caused difficulties with more veteran co-workers. N.T. at 10. He had frequent nightmares, which still occur, but less frequently, 14 months later at the time of his testimony. It affected how he approached vehicles, but he claimed he was getting progressively better to the point now that he no longer experienced fear on the job. N.T. at 20-22.

Regarding Factor E, the Degree of the Child's Culpability, the patrol car video shows that Appellant conduct of firing multiple shots at the uniformed Trooper was unprovoked.

Regarding Factor F, Adequacy and Duration of Dispositional Alternatives in Juvenile and in the Adult Criminal System, the court found "little evidence" that treatment options afforded in the juvenile justice system were unavailable in criminal justice system.

Regarding Factor G, Amenability to Treatment Efforts, the court noted that Appellant's remaining eligibility for juvenile system treatment amounted to only 3 years before he aged out at 21 years old. Dr. Taylor said treatment for that short span of time *may* be effective. She said he would benefit from a lengthy period of time in a "caring, consistent program."

The trial court concedes that Factor G weighed slightly in favor of *granting* Appellant's petition for decertification. However, given the short time available for juvenile system treatment and the severity of Appellant's offenses—"some of the most severe in the law"—the court found Appellant could not meet his burden of proving that decertification was appropriate when all factors were considered. Trial Court Opinion at 16.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2017