J-A09043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SILK ALDERETTE AND KIXX ALDERETTE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1529 WDA 2017 |
| DOLLAR TREE, INC. AND DOLLAR TREE STORES, INC. | : | |

Appeal from the Order September 19, 2017
In the Court of Common Pleas of Lawrence County Civil Division at
No(s): 10352 of 2016 CA

BEFORE: BOWES, J., DUBOW, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: **FILED MAY 15, 2018**

Silk and Kixx Alderette (Appellants) appeal *pro se* from the trial court's order granting summary judgment in favor of Appellees, Dollar Tree, Inc., and Dollar Tree Stores, Inc. (Dollar Tree).

In the spring of 2016, Appellants, represented by Angelo Papa, Esquire, filed a complaint and amended complaint against Dollar Tree in which they raised claims of negligence, premises liability, and negligent infliction of emotional distress. The claims arose from an incident that occurred on June 9, 2014, when Appellants entered a Dollar Store and Appellant Silk Alderette injured the middle finger of her left hand on the locking mechanism of the door. The trial court recounted the factual and procedural history of this case as follows:

On June 9, 2014, the Plaintiffs, Silk Alderette and Kixx Alderette, and their son, Skylar Alderette, entered the Dollar Tree store located at 2567 West State Street, New Castle, Lawrence County, Pennsylvania. The Dollar Tree store is equipped with a set of exterior and interior metal double-doors to enter the store. The left side of the exterior doors was locked while ingress and egress to the store was provided through the right door. Kixx Alderette held the exterior door open while Skylar Alderette entered the store first followed by the Plaintiff, Silk Alderette. The left side of the interior double-doors was blocked by shopping carts of bargain items while the right interior door was being propped open. Skylar Alderette entered the interior doors first and moved to the side upon noticing another individual approaching the doorway in an attempt to exit the store. The other individual stood to the side to allow Plaintiff and her son to walk through the door before exiting. Plaintiff walked through the interior door after her son. While walking through the doorway, Plaintiff struck her left hand on the locked left interior door and her middle finger became lodged within a rectangular hole used for the locking system. Unaware that her finger was lodged in the door, Plaintiff continued to walk into the store, but was jerked backwards.

Plaintiff and her husband dislodged Plaintiff's finger, but she suffered two large lacerations as a result. She was subsequently taken to Jameson Memorial Hospital where she was diagnosed with two deep lacerations and a severe sprain. Plaintiff also avers she injured her shoulder during the incident, was examined by an orthopedic surgeon, Dr. Robert McGann, and she was diagnosed with bicipital tendonitis.

Plaintiff initiated this action by filing a Praecipe for Writ of Summons on April 8, 2016, and filed a complaint on May 11, 2016, asserting claims for negligence, premises liability and negligent infliction of emotional distress. [Dollar Tree] responded by filing Preliminary Objections and [Appellants] filed a First Amended Complaint on June 1, 2016. [Dollar Tree] issued Preliminary objections to [A First Amended complaint and, after oral argument, the Court sustained [Dollar Tree's] preliminary objection concerning the legal insufficiency of [Appellants'] claim for negligent infliction of emotional distress and that count was stricken from the Amended Complaint. Appellants were granted leave to file a Second Amended Complaint alleging negligent infliction of emotional distress within 20 days, but Appellants failed to do so.

On June 28, 2017, [Dollar Tree] filed a Motion for Summary Judgment asserting they [we]re entitled to judgment as a matter of law as [Appellants] failed to present evidence to demonstrate [Dollar Tree] breached a duty of care concerning the doors and locking mechanisms at issue.

Trial Court Opinion, 9/19/17, at 1-3.

The trial court heard oral argument on Dollar Tree's motion for summary judgment on August 28, 2017. Attorney Papa sent Mark Neff, Esquire on his behalf to argue against summary judgment. On August 29, 2017, Silk Alderette wrote the trial court a letter expressing her dissatisfaction with Mr. Neff. On August 30, 2017, the trial court entered the following order:

AND NOW, this 30th day of August, 2017, in consideration of the attached correspondence of the Plaintiff, Silk Alderette, pro se, and to ensure that every consideration is given to the argument of the parties, the Plaintiffs are given ten (10) days to present to the Court through counsel any additional argument, in writing, related to the law or testimony or declarations located in Plaintiffs' evidentiary materials that are of record. The Defendant shall have ten (10) days from the date or receipt of any written memorandums submitted on behalf of the Plaintiffs to submit a written reply thereto. Any material submitted to the Court shall be submitted by counsel for the parties and not by any party pro se.

Order, 8/30/17.

On September 7, 2017, Attorney Papa filed a "Second Brief in Opposition to Defendant's Motion for Summary Judgment." Dollar Tree, on September 15, 2017, filed a "Reply to Plaintiffs' Second Brief in Opposition to Summary Judgment." On September 19, 2017, the trial court entered an order and opinion granting summary judgment in favor of Dollar Tree.

On September 27, 2017, Silk Alderette wrote two letters to the trial court indicating her desire to file for reconsideration and appeal; Ms. Alderette also referenced her emergency treatment and surgery for a kidney stone, as well as "saving my case for other legal counsel." The next day, on September 28, 2017, the trial court ordered:

> AND NOW, this 28th day of September, 2017, the Court being in receipt of the attached pro se correspondence of the Plaintiff, it is ORDERED and DECREED that the same shall be filed of record.

Order, 9/28/17.

On October 30, 2017, after apparently receiving the second letter from Ms. Alderette dated September 27, 2017, the trial court ordered:

> AND NOW, this 30th day of September, 2017, the Court being in receipt of the attached pro se correspondence of the Plaintiff, it is ORDERED and DECREED that the same shall be filed of record.

Order, 9/30/17.

During the same timeframe, Attorney Papa filed a petition to withdraw as counsel.[1] The trial court granted the petition by order dated September 29, 2017 and filed on October 2, 2017. On October 13, 2017, Appellants, acting *pro se*, filed a motion for reconsideration, in which they conceded the untimeliness of the petition, and explained that it was due to "complications of the plaintiffs which plaintiffs did give notice to this court." Motion for

---

[1] Attorney Papa's petition to withdraw contains a certificate of service dated September 28, 2017; the docket indicates that it was filed on October 2, 2017.

Reconsideration, 10/13/17, at 2.  On October 18, 2017, the trial court entered an order denying Appellants' motion for reconsideration.  A day prior, on October 17, 2017, Appellants filed their timely appeal.  The trial court directed compliance with Pa.R.A.P. 1925, and on November 22, 2017, entered an order in which it stated that "the Opinion and Order from which the appeal is taken satisfies the requirements of Pa.R.A.P. 1925(a) and the record is otherwise complete for purposes of appeal."

Appellants present four issues for our review:

1. The Trial Court erred and/or abused its discretion when it did not "*take in consideration*" and/or "*act upon*" [Appellants'] complaint of "*incompetence*", "*abandonment*" and "*contemptuous misconduct*" by their attorney of record, when brought to the court's attention?

2. The Trial Court erred and abused its discretion due to the court's bias against [Appellants] new "*pro se*" status causing [Appellants] "*constitutional*" and "*substantive*" rights to be violated?

3. The Trial Court erred and or abused its discretion by applying the wrong case law, omitting other relevant case law and did not rule on the "*weight of the evidence*" provided by [Appellants]?

4. The Trial Court erred and/or abused its discretion when it did not take into consideration Plaintiff Silk's medical obesity as a handicap since the U.S. EEOC now claims obesity is a disability under the Americans with Disabilities Act Amendments Act (ADAAA).

Appellants' Brief at 6 (italics in original).

Before we address Appellants' issues, we address Dollar Tree's motion to quash this appeal, in which they argue that this Court should dismiss the appeal because Appellants have failed to comply with Pennsylvania Rules of Appellate Procedure 2186 (service and filing of reproduced record) and 2188 (consequence of failure to file reproduced records). **See** Dollar Tree Brief at 5. Dollar Tree states that Appellants "have failed to file a reproduced record" and "cite to no specific portions of any record." **Id.** They explain:

> [Appellants] have attached to their brief, a mish mash of various documents, some of which were filed of record with the trial court, while others were not matters of record but apparently, [Appellants] are attempting to make them matters of record here.
>
> Without a formal reproduced record, [Dollar Tree is] prejudiced so severely, that they find it nearly impossible to author a coherent brief. Many of the filings made by [Appellants] at the trial court were made merely to file something and the filings have no relevance or context.

**Id.** at 5-6.

This Court has stated that the failure to file a reproduced record is an "abject" failure to comply with the Pennsylvania Rules of Appellate Procedure and warrants dismissal of an appeal. **McGee v. Muldowney**, 750 A.2d 912, 913 n.1 (Pa. Super. 2000); **see In re Crespo**, 738 A.2d 1010, 1013 n.2 (Pa. Super. 1999) ("Compliance with the Pennsylvania Rules of Appellate Procedure [ ] regarding the contents of reproduced records on appeal is mandatory."). Moreover, we cannot accord special relief to Appellants merely because of their *pro se* status. As stated in **Commonwealth v. Rivera,** 685 A.2d 1011 (Pa. Super. 1996):

- 6 -

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our supreme court has explained, any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing.

*Id.* at 1013, quoting **O'Neill v. Checker Motors Corp.,** 567 A.2d 680, 682 (Pa. Super. 1989).

Instantly, although we could quash or dismiss this appeal pursuant to Pennsylvania Rule of Appellate Procedure 2101, we exercise our discretion and decline to so.

In their first and second issues, Appellants assert trial court error on the basis that the trial court did not "take in consideration" and/or "act upon" Appellants' complaint of "incompetence", "abandonment" and "contemptuous misconduct" by their attorney of record; and exhibited bias against Appellants' "new *pro se*" status. These issues are meritless.

The argument portion of Appellant's brief presents an all-encompassing but scattershot approach to issues relating to counsel's representation and Appellants' subsequent and very brief period of acting *pro se* before the trial court. The sum effect is nonsensical. **See Smathers v. Smathers**, 670 A.2d 1159 (Pa. Super. 1996) (a *pro se* appellant's brief precluded meaningful review where the brief contained no organized and developed arguments, and even a liberal construction of the brief based on appellant's *pro se* status did not remedy the brief's inadequacies). We further note that Appellants were

- 7 -

represented by counsel throughout almost all of the underlying litigation, including the entry of the summary judgment order from which they appeal. As accurately noted by Dollar Tree, this appeal "is solely and strictly based on the granting of [Dollar Tree's] motion for summary judgment." Dollar Tree Brief at 7. If Appellants "are of the belief that they did not receive proper representation by their former attorney, then those issues can be addressed in another manner, forum or proceeding."[2] *Id.* at 7-8 (noting the deposition testimony of Silk Alderette that she has a law degree from British American University). For these reasons, we find no merit to Appellants' first two issues.

Next, in their third and fourth issues, Appellants address the summary judgment order from which they appeal. They argue that the trial court erred by applying the wrong case law and failing to consider Silk Alderette's various health conditions, including obesity as a handicap under the Americans with Disabilities Act Amendments Act. Appellant's Brief at 43-51. Again, we conclude that Appellants' issues lack merit.

> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of his cause of action. Thus, a record that supports summary judgment will either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the fact-finder. Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions. The

---

[2] At oral argument, we advised Appellants that issues they have with counsel are not properly before this Court on appeal and there are other avenues by which Appellants may seek recourse.

appellate court may disturb the trial court's order only upon an error of law or an abuse of discretion.

***Dibish v. Ameriprise Financial, Inc.***, 134 A.3d 1079, 1084–85 (Pa. Super. 2016), ***appeal denied***, 141 A.3d 481 (Pa. 2016) (citation omitted).

After a thorough review of the record and the well-reasoned opinion of the Honorable Dominick Motto, we conclude that the trial court opinion correctly discusses and properly disposes of Appellants' third and fourth issues relating to the entry of summary judgment on their claims of negligence, premises liability, and negligent infliction of emotional distress. Accordingly, we adopt the trial court's analysis as our own on the issue of summary judgment and affirm on the basis of the trial court's opinion. ***See*** Trial Court Opinion, 9/19/17, at 3-14 (finding that Appellants failed to present evidence to demonstrate that Dollar Tree breached a duty of care).

Dollar Tree motion to quash denied. Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/2018