**Robert McGEE, Appellant,**

**v.**

**Tawnee MULDOWNEY, Appellee.**

Superior Court of Pennsylvania.

Argued Feb. 29, 2000.

Filed April 18, 2000.

Allen L. Cohen, Wyncote, for appellant.

John J. Barr, Willow Grove, for appellee.

Before McEWEN, President Judge, and JOHNSON and OLSZEWSKI, JJ.

McEWEN, President Judge.

¶ 1 Appellant, Robert McGee, has taken this appeal from the order which granted the motion of Tawnee Muldowney, appellee, for summary judgment in her favor and against appellant, following the ruling of the trial court that the injuries he suffered in the accident underlying this litigation were not "a serious injury" as that term is defined by Section 1702 of the MVFRL, 75 Pa.C.S. § 1702. We affirm.

¶ 2 Appellant was a passenger in a motor vehicle operated by appellee when, on February 26, 1993, in Lower Gwynedd Township, Montgomery County, the vehicle went out of control and hit a tree. Appellant does not dispute that he elected

the option of limited tort coverage under his auto insurance policy, and that he was thereby subject to Section 1705(d) of the MVFRL which precludes "an action for any non-economic loss" unless the injury he sustained in the accident is a "serious injury" as the term is defined by Section 1702 of the MVFRL, namely, "a personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." 75 Pa.C.S. § 1702. Appellant argues the injuries he suffered constitute "serious injury" and that it was error for the trial court to conclude to the contrary. Thus, the sole issue we here consider is whether the injuries suffered by appellant meet the "serious injury" threshold.[1]

¶ 3 The decision of the Pennsylvania Supreme Court in *Washington v. Baxter*, 553 Pa. 434, 719 A.2d 733 (1998), controls the disposition of the instant case. The issue presented in *Washington* was "whether summary judgment was properly entered against Kenneth Washington ('appellant'), a limited tort elector, in his action for non-economic losses arising out of an automobile accident." *Washington v. Baxter, supra* at 437, 719 A.2d at 735. The *Washington* Court concluded that the trial court had properly entered summary judgment against the plaintiff on the basis that the plaintiff had failed to establish that he had sustained a "serious injury". In reaching that decision, the Supreme Court reviewed the *en banc* decision of this Court in *Dodson v. Elvey*, 445 Pa.Super. 479, 665 A.2d 1223 (1995)(en banc), *appeal granted*, 544

Pa. 608, 674 A.2d 1072 (1996)[2], in which we held that "upon the filing of a motion for summary judgment, where there is no substantial dispute of material fact that the plaintiff has not met the 'serious impairment of body function' threshold, or that the plaintiff has indeed met the threshold, the court should make the determination as a matter of law." *Id.* at 1232. The *Washington* Court, after reviewing the legislative history of both the Pennsylvania statutory limited tort option and the Michigan no-fault statute on which the Pennsylvania legislature based the limited tort option, rejected the reasoning employed by this Court in *Dodson v. Elvey, supra*:

> Upon review, we conclude that the legislative history does not support the view that the threshold determination of whether a serious injury has been sustained is to be made by the trial judge. In fact, we find that the legislature, by following the Michigan model, indicated that the traditional summary judgment standard was to be followed and that the threshold determination was not to be made routinely by a trial court judge in matters such as the one before us now, but rather was to be left to a jury unless reasonable minds could not differ on the issue of whether a serious injury had been sustained.

> Now that we have decided that the ultimate determination should be made by the jury in all but the clearest of cases, we turn to the question of what that determination consists. Act 6 does not

1. Appellee has filed a motion to dismiss. There is firm and abundant basis for the contention in the motion of appellee that appellant has failed to comply with the Rules of Appellate Procedure. Appellant would appear to view the Rules of Appellate Procedure as Bid Specifications permitting "or equal", since appellant responds that attaching materials to his brief equates to filing a reproduced record and is thereby *equivalent* to compliance. The failure is, however, rather abject and we reiterate that compliance with the Rules of Appellate Procedure concerning the briefs and reproduced record are not guideposts but a mandate. *See: In Re Crespo*, 738 A.2d 1010, 1013 (Pa.Super.1999) ("Compli-

ance with the Pennsylvania Rules of Appellate Procedure 2152–2154 regarding the contents of reproduced record on appeal is mandatory."). In any event, in the interest of judicial economy and so as to achieve finality upon the substantive issue presented by the appeal, we have proceeded to full consideration and a decision upon the substantive question presented by the appeal. Motion denied.

2. *Dodson v. Elvey, supra,* was subsequently reversed and remanded to the Superior Court for disposition consistent with the decision of *Washington v. Baxter, supra.*

provide any assistance to us in defining "serious impairment of a body function"; nor do we find any elucidation of the meaning of this term in the legislative history. We do, however, find that the *DiFranco [v. Pickard,* 427 Mich. 32, 398 N.W.2d 896 (1986)] definition of "serious impairment of body function" is a sound one and hereby expressly adopt it. That definition states that:

The "serious impairment of body function" threshold contains two inquiries: a) What body function, if any, was impaired because of injuries sustained in a motor vehicle accident? b) Was the impairment of the body function serious? The focus of these inquiries is not on the injuries themselves, but on how the injuries affected a particular body function. Generally, medical testimony will be needed to establish the existence, extent, and permanency of the impairment.... In determining whether the impairment was serious, several factors should be considered: the extent of the impairment, the length of time the impairment lasted, the treatment required to correct the impairment, and any other relevant factors. An impairment need not be permanent to be serious.

*DiFranco,* 398 N.W.2d at 901.

*Washington v. Baxter, supra* at 446–48, 719 A.2d at 740 (footnotes omitted). The Supreme Court emphasized that "[t]he question to be answered is not whether appellant has adduced sufficient evidence to show that appellant suffered **any** injury; rather, the question is whether appellant has shown that he has suffered a **serious** injury such that a body function has been seriously impaired." *Id.* at 448–50, 719 A.2d at 741 (emphasis in original). *See also: Kelly v. Ziolko,* 734 A.2d 893, 899 (Pa.Super.1999).

¶ 4 Appellant contends that the extended treatment by orthopedic specialists of conditions resulting from injury suffered in the accident and the physical limitations attendant those conditions which, according to appellant, precluded him from performing his job as a plumber and required him to undertake the trade of an electrician, compel a finding that the injuries suffered by appellant in the underlying accident met the definition of "serious injury." We disagree since our review of the record, specifically, the reply filed by appellant to the motion of appellee for summary judgment, reveals admissions by appellant which can be summarized as follows:

That he was examined in the emergency room of Suburban General Hospital following the accident of February 26, 1993, and discharged with the diagnosis of cervical strain and sprain for which a prescription for Tylenol was given,

That he did not seek further medical attention until ten days thereafter, on March 8, 1993, when he was evaluated by Leonard A. Winegrad, D.O., for complaints of pain in the back, neck and shoulders, particularly the right shoulder, and a diagnosis was made of acute cervical, thoracic and lumbosacral strain and sprain, and radiculopathy of the right hand,

That an x-ray examination of the right shoulder on March 12, 1993, was normal,

That he undertook a regime of physical therapy, and received the last treatment on July 13, 1993,

That Zohar Stark, M.D., provided orthopedic evaluations on May 10 and July 7, 1993,

That a magnetic resonance imaging of the right shoulder was performed on June 3, 1993, which found conditions consistent with tendonitis or degeneration, and a small amount of fluid in the clavicular and shoulder joints, but was otherwise unremarkable,

That he was examined by Robert Mannhertz, M.D., an orthopedic surgeon on July 8, July 22, and December 20, 1993,

That his only other examination and/or treatment by a doctor for injuries from

this accident occurred upon another visit to Dr. Mannhertz on May 31, 1994, and That he has been employed fulltime as an electrician since September, 1994, but that his employer is not aware that he shuns certain lifting tasks.

Simply put, appellant was examined and treated on several occasions during the six months following the accident, but did not seek any medical attention (except for the visits to Dr. Mannhertz on December 20, 1993, and May 31, 1994) during the next five and one-half years which preceded the answers which he filed to the motion of appellee for summary judgment. Moreover, during that same period he was employed full time in a trade.

¶ 5 In summary, appellant has failed to present objective medical evidence as to the degree of any impairment and extent of any pain suffered during the five years preceding those answers to the motion for summary judgment. The subjective allegations presented by appellant, in the absence of objective medical evidence, do not permit a finding that appellant suffered the requisite "serious injury." While appellant has established that he suffered some injuries to his back and shoulder, he has, nonetheless, failed to establish that these injuries resulted in such substantial interference with any bodily function as to permit a conclusion that the injuries have resulted in a serious impact on his life for an extended period of time. The decision, therefore, was not to be left to a jury, because "reasonable minds could not [here] differ on the issue of whether a serious injury had been sustained." *Washington v. Baxter, supra* at 446, 719 A.2d at 740.

¶ 6 Accordingly, the distinguished Judge Samuel W. Salus II properly granted the motion of appellee for summary judgment.

¶ 7 Order affirmed.