J-S51018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BORIS LYSYKANYCZ AND MICHELLE LYSYKANYCZ, HW | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | No. 1178 EDA 2018 |
| WADE D. REIDENHOUR | : | |

Appeal from the Order March 28, 2018
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2016-C-2527

BEFORE:  DUBOW, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.:                    **FILED SEPTEMBER 24, 2018**

Appellants, Boris Lysykanycz (Husband) and Michelle Lysykanycz (Wife), appeal from the order granting Appellee Wade D. Reidenhour's motion for summary judgment and dismissing all claims against Appellee.  Appellants argue that the trial court erred in granting summary judgment in favor of Appellee because they presented sufficient evidence to meet the limited tort threshold.  We affirm.

The trial court set forth the relevant facts and procedural background of this case as follows:

> According to the Complaint, [Husband] was operating a 2007 Cadillac Escalade at or about 9:09 p.m. on April 26, 2015.  [Wife] was in the front passenger seat.  [Appellants] were traveling westbound through the intersection of South Cedar Crest Boulevard and Lincoln Avenue in Salisbury Township, Lehigh County, Pennsylvania.  [Appellants] allege [Appellee] was operating a 1995 Volkswagen Passat traveling southbound on

Cedar Crest Boulevard toward the same intersection. They claim [Appellee] ran a red light and negligently crashed into the passenger side of [Appellants'] vehicle, causing both to sustain injuries.

[Appellants] allege that [Husband] "sustained bodily injuries to his neck, C[-]4 - C-6 disc herniations, right arm, [and] right shoulder." Complaint at ¶ 9. They further allege that [Wife] "sustained bodily injuries to her knee, lower back, fear of driving, anxiety and panic disorder." *Id*. at ¶ 16. Additionally, both [appellants] allegedly suffered "physical and mental pain, anguish, anxiety and distress." *Id.* at ¶¶ 11, 18. [Appellants] have also each advanced a count for loss of consortium.

In [Appellee]'s Answer and New Matter, [Appellee] generally denied all of [Appellants'] factual averments. [Appellee] also asserted that "[Appellants] have elected the limited tort alternative, and [Appellants'] alleged injuries are not serious as defined by the [Motor Vehicle Financial Responsibility Law], [so Appellants] are precluded from recovering damages for noneconomic loss by the applicable provisions of that law." [Appellee's] Answer and New Matter, at 41.

Appellants filed their Complaint on September 27, 2016 alleging various injuries. On October 25, 2016, Appellee filed an Answer to the Complaint with New Matter. As noted above, in Appellee's New Matter, he argued Appellants' injuries do not pierce the limited tort threshold. On June 23, 2017, Appellee filed a Motion for Partial Summary Judgment on Limited Tort[,] which requested the Court to preclude Appellants from presenting any testimony or evidence for non-economic damages at trial.

On September 21, 2017, the Court heard oral argument on the summary judgment motion and took the matter under advisement. On September 26, 2017, the Court entered an Order with an accompanying Memorandum Opinion granting the partial summary judgment motion.

By agreement of the parties, the matter was to be submitted to arbitration. However, on March 14, 2018, Appellee filed a second Motion for Summary Judgment. Appellee asserted that because Appellants had not claimed any economic damages, and because the Court's order granting the prior Motion for Partial Summary Judgment resulted in a preclusion of the recovery of any non-economic damages, there were not any damages remaining in the case for Appellants to request of the arbitration panel. Appellants

- 2 -

filed an Answer to Appellee's motion on March 27, 2018, which did not oppose the motion and requested that it be granted so as to render the September 26, 2017 Order "final" for appellate purposes. The Court granted the March 14, 2018 motion as unopposed on March 28, 2018.

On April 10, 2018, Appellants filed the instant Notice of Appeal. In the within appeal, Appellants challenge the Court's decision with respect to the partial summary judgment motion, not the subsequent summary judgment motion which resulted in dismissal of the case as a whole. Appellants filed a Concise Statement on April 13, 2018.

Trial Ct. Op., 4/17/18, at 1-3 (some formatting altered).

Appellants raise the following issues on appeal:

1. Whether or not the trial court erred by granting partial summary judgment on the limited tort defense because our Supreme Court explicitly ruled that the limited tort defense is for the jury and not the trial court[.]

2. Whether or not both [Appellants] meet the limited tort threshold given the facts of the injury and the impact it has on both lives[.]

Appellants' Brief at 4 (full capitalization omitted).

Appellants contend that the trial court erred in granting partial summary judgment, as the question of whether Appellants suffered a "serious injury" is exclusively reserved for the jury. Appellants argue that the Supreme Court's decision in *Washington v. Baxter*, 719 A.2d 733 (Pa. 1998), supports their claim for relief. *Id.* at 20. Further, Appellants argue that they presented sufficient evidence to show that they both suffered a "serious injury" and met the limited-tort threshold. *Id.* at 23.

The standards governing our review of a trial court's grant of summary judgment are well settled.

> Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion. Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

*Hovis v. Sunoco, Inc.*, 64 A.3d 1078, 1081 (Pa. Super. 2013).

In Pennsylvania, when selecting automobile insurance, drivers have the option of choosing full or limited-tort coverage. 75 Pa.C.S. § 1705. An individual who has purchased full-tort coverage and who is injured by a negligent driver can recover all medical and out-of-pocket expenses, as well as financial compensation for pain and suffering and other non-economic damages. *Varner-Mort v. Kapfhammer*, 109 A.3d 244, 248 (Pa. Super. 2015) (citing 75 Pa.C.S. § 1705(a)(1)(B)). "A limited-tort plaintiff also can recover all medical and out-of-pocket expenses; however, such a plaintiff cannot recover for pain and suffering or other non-economic damages unless the plaintiff's injuries fall within the definition of 'serious injury.'" *Id.* (citing 75 Pa.C.S. § 1705(a)(1)(A)). The term "serious injury" is defined as "[a] personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." 75 Pa.C.S. § 1702.

In ***Washington***, the plaintiff selected the limited-tort option and, following a motor vehicle accident, he claimed that he sustained a serious injury that would allow him to recover non-economic damages pursuant to 75 Pa.C.S. § 1702. ***Washington***, 719 A.2d 733, at 638. The defendant filed a motion for summary judgment, arguing that the plaintiff failed to establish that he had suffered a serious injury, and the trial court granted the defendant's motion. ***Id.*** at 638.

On appeal, the Supreme Court noted that "the threshold determination was not to be made routinely by a trial court judge . . . but rather was to be left to a jury unless reasonable minds could not differ on the issue of whether a serious injury had been sustained." ***Id.*** at 740. However, since it was clear that the plaintiff had failed to establish that he suffered a "serious" injury, the Supreme Court affirmed the trial court's decision. ***See id.***

The ***Washington*** Court explained:

Plaintiff, however, is of the opinion that he has adduced sufficient evidence of a serious impairment of body function so that the issue should go to a jury. In arguing this, [the plaintiff] focuses primarily on [his doctor's] pronouncement that there was some type of arthritis or coalition in [his] right foot; apparently, [he] assumes that this evidence alone is sufficient to bring the matter to a jury. [Plaintiff] seems to have misapprehended the nature of the inquiry here. **The question to be answered is not whether [Plaintiff] has adduced sufficient evidence to show that Appellant suffered any injury; rather, the question is whether [he] has shown that he has suffered a serious injury such that a body function has been seriously impaired.** Clearly, it is insufficient for [Plaintiff] to show that there has been some injury—no matter how minor—in order to avoid the entry of summary judgment against him. Were we to fail to require [a plaintiff] to adduce evidence that not only was

there an injury, but that it was also serious, before allowing him to present his case to the jury, we would make a mockery out of the summary judgment standard. **Although [Plaintiff] has introduced evidence that there is some type of arthritis or coalition in his foot, he has failed to show that this injury has had such an impact on him so that it constitutes a serious injury.** Therefore, we reject [Plaintiff's] argument.

*Id.* at 741.

Additionally, we note that

[o]ur Supreme Court has held that in determining whether a motorist has suffered a serious injury, "the threshold determination was not to be made routinely by a trial court judge . . . but rather was to be left to a jury **unless reasonable minds could not differ on the issue of whether a serious injury had been sustained**." *Washington v. Baxter*, 553 Pa. 434, 719 A.2d 733, 740 (1998). In conducting this inquiry, "several factors must be considered to determine if the claimed injury is 'serious': '[1.] the extent of the impairment, [2.] the length of time the impairment lasted, [3.] the treatment required to correct the impairment, and [4.] any other relevant factors.'" *Graham v. Campo*, 990 A.2d 9, 16 (Pa. Super. 2010), appeal denied, 609 Pa. 703, 16 A.3d 504 (2011). Our Supreme Court has cautioned that "the focus of these inquiries is not on the injuries themselves, but on how the injuries affected a particular body function." *Washington, supra*. We remain cognizant of the principle that "[a]n impairment need not be permanent to be serious" under section 1705(d). *Robinson v. Upole*, 750 A.2d 339, 342 (Pa. Super. 2000) (citation omitted).

*Cadena v. Latch*, 78 A.3d 636, 640 (Pa. Super. 2013) (emphasis added).

Following our review of the certified record, the parties' briefs, and relevant legal authority, we conclude that the trial court's Pa.R.A.P. 1925(a) opinion comprehensively and correctly disposes of Appellants' claims of error. *See* Trial Ct. Op., 4/17/18, at 1-6 (reciting the facts of record, applying the four factors noted in *Cadena* above, and concluding that reasonable minds

could not differ on the conclusion that Appellants did not suffer a serious injury, given the lack of objective medical evidence stating so.)

We agree with the trial court's conclusion that Appellants, having selected the limited-tort option, failed to establish that they suffered "serious injury" as that term is defined, such that Appellee's motion for partial summary judgment should have been denied. *See Cadena*, 78 A.3d at 640.

We further agree with the trial court that Appellants did not identify objective medical evidence nor any opinion that their injuries were serious or resulted in serious impairment of a body function. Therefore, reasonable minds could not "differ on the issue of whether a serious injury had been sustained." *Washington*, 719 A.2d at 740. Accordingly, we discern no error or abuse of discretion in the trial court's conclusion.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/18

Filed 5/2/2018 2:37:00 PM Superior Court Eastern District
1178 EDA 2018

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
## CIVIL DIVISION

BORIS LYSYKANYCZ, MICHELLE     )
LYSYKANYCZ,     )
         Appellants     )    **File No. 2016-C-2527**
  - VS -     )    **___ EDA 2018**
WADE D. REIDENHOUR,     )
         Appellee     )

### <u>ORDER</u>

AND NOW, this 17th day of April, 2018,

**IT APPEARING** Appellants filed a Notice of Appeal on April 10, 2018;

**IT FURTHER APPEARING** the accompanying Memorandum Opinion satisfies the

requirements of Pa.R.A.P. 1925(a),

**IT IS ORDERED** the Clerk of Judicial Records is directed to transmit the record in the

within matter to the Superior Court of Pennsylvania forthwith.

By the Court:

Douglas G. Reichley, J.

1

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
## CIVIL DIVISION

BORIS LYSYKANYCZ, MICHELLE  )
LYSYKANYCZ,                  )
      Appellants  )  File No. 2016-C-2527
- VS -                       )  ___ EDA 2018
WADE D. REIDENHOUR,          )
      Appellee    )

April 17, 2018

Richard J. Orloski, Esq. for Appellants,

Christin L. Kochel, Esq. for Appellee

**Douglas G. Reichley, J.**

### 1925(a) Opinion

Boris and Michelle Lysykanycz, Appellants, have filed an appeal from the Court's Order entered on September 25, 2017 which granted a Motion for Partial Summary Judgment filed by Wade D. Reidenhour, Appellee. For the reasons set forth herein, the Court properly concluded that Appellants failed to produce sufficient evidence to create a genuine issue as to any material fact with respect to the issue of whether either of the Appellants sustained a serious impairment of a body function. As a result, the Court's Order granting Appellee's Motion for Partial Summary Judgment on Limited Tort should be **AFFIRMED**.

### Factual History

According to the Complaint, Appellant Boris Lysykanycz was operating a motor 2007 Cadillac Escalade at or about 9:09 p.m. on April 26, 2015. Appellant's wife, Michelle Lysykanycz, was in the front passenger seat. Appellants were traveling westbound through the intersection of South Cedar Crest Boulevard and Lincoln Avenue in Salisbury Township, Lehigh County, Pennsylvania.

1

Appellants allege Appellee was operating a 1995 Volkswagen Passat traveling southbound on Cedar Crest Boulevard toward the same intersection. They claim Appellee ran a red light and negligently crashed into the passenger side of Appellants' vehicle, causing both to sustain injuries.

Appellants allege that Appellant Boris Lysykanycz "sustained bodily injuries to his neck, C4-C-6 disc herniations, right arm, [and] right shoulder." (Complaint ¶ 9.) They further allege that Appellant Michelle Lysykanycz "sustained bodily injuries to her knee, lower back, fear of driving, anxiety and panic disorder." (*Id.* ¶ 16.) Additionally, both Appellants allegedly suffered "physical and mental pain, anguish, anxiety and distress." (*Id.* ¶¶ 11, 18.) Appellants have also each advanced a count for loss of consortium.

In Appellee's Answer and New Matter, Appellee generally denied all of Appellants' factual averments. Appellee also asserted that "Appellants have elected the limited tort alternative, and Appellants' alleged injuries are not serious as defined by the [Motor Vehicle Financial Responsibility Law], [so] Appellants are precluded from recovering damages for non-economic loss by the applicable provisions of that law." (Appellee's Answer and New Matter ¶ 41.)

## Procedural History

Appellants filed their Complaint on September 27, 2016 alleging various injuries. On October 25, 2016, Appellee filed an Answer to the Complaint with New Matter. As noted above, in Appellee's New Matter, he argued Appellants' injuries do not pierce the limited tort threshold. On June 23, 2017, Appellee filed a Motion for Partial Summary Judgment on Limited Tort which requested the Court to preclude Appellants from presenting any testimony or evidence for non-economic damages at trial.

2

On September 21, 2017, the Court heard oral argument on the summary judgment motion and took the matter under advisement. On September 26, 2017, the Court entered an Order with an accompanying Memorandum Opinion granting the partial summary judgment motion.

By agreement of the parties, the matter was to be submitted to arbitration. However, on March 14, 2018, Appellee filed a second Motion for Summary Judgment. Appellee asserted that because Appellants had not claimed any economic damages, and because the Court's order granting the prior Motion for Partial Summary Judgment resulted in a preclusion of the recovery of any non-economic damages, there were not any damages remaining in the case for Appellants to request of the arbitration panel. Appellants filed an Answer to Appellee's motion on March 27, 2018, which did not oppose the motion and requested that it be granted so as to render the September 26, 2017 Order "final" for appellate purposes. The Court granted the March 14, 2018 motion as unopposed on March 28, 2018.

On April 10, 2018, Appellants filed the instant Notice of Appeal. In the within appeal, Appellants challenge the Court's decision with respect to the partial summary judgment motion, not the subsequent summary judgment motion which resulted in dismissal of the case as a whole. Appellants filed a Concise Statement on April 13, 2018.

This Opinion follows.

## Discussion

Appellants' Concise Statement raises two interrelated issues. Appellants assert the Court erred in granting Appellee's Motion for Partial Summary Judgment on the grounds that there were genuine issues of material fact which should have been resolved by a fact finder.

Motions for Summary Judgment are governed by Pennsylvania Rule of Civil Procedure 1035.2, which provides:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law:
>
> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
>
> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2.

When an appellate court reviews a trial court's decision ruling on a summary judgment motion, "the appellate court may disturb the trial court's order only upon an error of law or an abuse of discretion. The scope of review is plenary and the appellate court applies the same standard for summary judgment as the trial court." *McCarthy v. Dan Lepore & Sons Co., Inc.,* 724 A.2d 938, 940-41 (Pa. Super. 1998) (citations omitted). The standard for summary judgment is well-established:

> A court may grant a motion for summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bronson v. Horn,* 830 A.2d 1092 (Pa.Cmwlth.2003), *aff'd,* 577 Pa. 653, 848 A.2d 917 (2004), *cert. denied,* 543 U.S. 944, 125 S.Ct. 369, 160 L.Ed.2d 257 (2004). The right to judgment must be clear and free from doubt. *Id.* In reviewing the granting of a motion for summary judgment, this Court must "view the record

4

in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Pappas v. Asbel,* 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001).

*Lambert v. Katz,* 8 A.3d 409, 413 n.3 (Pa. Cmwth. 2010).

In his partial summary judgment motion, Appellee sought an order precluding Appellants from presenting any testimony or evidence in support of a claim for non-economic damages at trial because Appellants have not presented any evidence of a "serious injury."

Pennsylvania's Motor Vehicle Financial Responsibility Law (MVFRL) authorizes the selection of either the "full tort" or "limited tort" coverage option for a driver purchasing motor vehicle insurance coverage. 75 Pa.C.S.A. § 1705(a). The limited tort option authorizes an insurer to offer automobile insurance coverage at reduced premium rates to an insured who gives up the right to sue for non-economic damages. *Id.* §1705(a)(1). A party who elects limited tort may sue for non-economic damages only if he or she suffers a "serious injury" in an automobile accident. *Id.* §1705(d). The term "serious injury" is statutorily defined as "[a] personal injury resulting in death, serious impairment of a body function or permanent serious disfigurement." *Id.* §1702. The Pennsylvania Supreme Court has held that when determining whether a motorist suffered a serious injury, "the threshold determination was not to be made routinely by a trial court judge ... but rather was to be left to a jury unless reasonable minds could not differ on the issue of whether a serious injury had been sustained." *Cadena v. Latch,* 78 A.3d 636, 640 (Pa. Super. 2013) (quoting *Washington v. Baxter,* 719 A.2d 733, 740 (Pa. 1998)).

In determining whether a plaintiff suffered a serious impairment of body function, courts utilize a two-fold inquiry:

> a) What body function, if any, was impaired because of injuries sustained in a motor vehicle accident?

5

b) Was the impairment of the body function serious? The focus of these inquiries is not on the injuries themselves, but on how the injuries affected a particular body function. Generally, medical testimony will be needed to establish the existence, extent, and permanency of the impairment.... In determining whether the impairment was serious, several factors should be considered: the extent of the impairment, the length of time the impairment lasted, the treatment required to correct the impairment, and any other relevant factors. An impairment need not be permanent to be serious.

*Washington*, 719 A.2d at 735 (quoting *DiFranco v. Pickard*, 398 N.W.2d 896, 900 (Mich. 1986)).

To overcome the limited tort threshold, a plaintiff must generally present "objective medical evidence as to the degree of any impairment and extent of any pain suffered" in connection with the accident. *McGee v. Muldowney*, 750 A.2d 912, 915 (Pa. Super. 2000). "[S]ubjective allegations presented by [a plaintiff], in the absence of objective medical evidence, do not permit a finding that [the plaintiff] suffered the requisite 'serious injury.'" *Id.* Accordingly, a plaintiff must adduce evidence demonstrating both the existence of an injury and the fact that the injury was serious in order to overcome a motion for summary judgment. *Washington*, 719 A.2d at 741.

In this case, the Court reviewed Appellants' evidence in the light most favorable to them as the non-moving party and determined that Appellants did not present any objective medical evidence to demonstrate that either of them sustained a serious impairment of body function. Appellants failed to produce any medical expert opinion that their injuries are serious or resulted in serious impairment of a body function. Furthermore, both of the Appellants' depositions and medical records show sporadic treatment and admissions of details of their injuries which Appellee argued are not serious enough to overcome the limited tort threshold.

Appellant Boris Lyskanycz testified at his deposition that upon impact in the accident, he did not lose consciousness. (Defendant's Exhibit C, at 23.) He was not cut or bleeding, did not break any bones, and had no visible bruising. (*Id.* at 23-24.) After the accident, he was able to get

6

out of the vehicle on his own without any assistance and he declined an ambulance. (*Id.* at 25; 29.)

Mr. Lyskanycz treated for injury the day after the accident. (Plaintiff's Exhibit B, at [24].) According to the Radiology Results record Appellant submitted, he was experiencing left shoulder pain after motor vehicle collision." (*Id.*) The radiology findings reflected that there was not any evidence of an acute fracture or dislocation of Plaintiffs shoulder. (*Id.*)

Appellant also submitted a Physician Clinical Report dated April 27, 2015. (*Id.* at [32].) The report reflects that Appellant was "experiencing mild pain." (*Id.*) He also "didn't notice the shoulder pain" on the night of the accident, but woke up with it the next morning. (*Id.*) The report indicated that the healthcare professional explained to Appellant "that he might have injured his rotator cuff but he could also be stiff from the [motor vehicle accident]. [Appellant] will [follow up] with [orthopedist]." (*Id.* at [33].)

Appellant waited for more than a month before following up with subsequent treatment. (Defendant's Exhibit C, at 33.) On June 9, 2015, he treated at Iron Run Orthopedics. (Plaintiffs' Exhibit B, at [6].) The records indicate that Appellant reported "persistent left shoulder pain" since the accident, as well as "episodes of paresthesia into both upper extremities, especially at nighttime." (*Id.*) Appellant was provided Tylenol for short-term pain and was referred for an MRI. (Id at [8].)

Appellant followed up with the MRI on July 11,2015. (*Id.* at [9]-[10].) The report reflects that there was some disc degeneration and mild disc protrusion, but there was not any evidence of a fracture or dislocation. (*Id.* at [9].)

Appellant did not treat again until August 22, 2016, more than a year after he had the MRL (*Id.* at [14].) The records from that visit reflect that Appellant "present[ed] to the office for

7

a spine surgery consultation with right arm pain, and hand numbness." (*Id.*) The assessment plan authored by James C. Weis, M.D., indicated that Appellant was experiencing "numbness in his first through fourth digits, which has been ongoing and persistent since a motor vehicle accident in April 2015." (*Id.* at [16].) He has not treated for his claimed injuries since October 14, 2016. (*Id.* at [36].) Appellant can still lift up to 50 pounds as part of his job duties. (*Id.* at [11].) There is not any evidence that he has been completely restricted from doing as a result of his injuries from the accident. (*Id.* at [41].)

Based on the foregoing, Appellants' evidence offered in opposition to Defendant's Motion for Partial Summary Judgment established that Appellant suffered an injury to his shoulder for which he received sporadic treatment over the course of the year-and-a-half following the accident. Appellant's medical records reflect that he suffered an injury in connection to the motor vehicle accident. However, all of the medical records reflected that the injury was mild.

There is not any indication in any of the documentation showing that Appellant sustained an injury about which reasonable minds could differ as to whether it is "serious." Appellant failed to produce any medical expert opinion that his injuries are serious or resulted in serious impairment of a body function. Furthermore, both the Appellant's deposition and his medical records reflect sporadic treatment history. Taking Mr. Lyskanycz's assertion that he used to be able to lift 100 pounds and can only lift 50 pounds now as true, there was not any evidence to show that this impairment has significantly impacted his life or his job performance.

Similar to her husband, Appellant Michelle Lyskanycz did not treat until five days after the accident and did not follow up until two weeks later. (Defendant's Exhibit D, at 25.) Her initial treatment was on April 30, 2015, at which time the report from St. Luke's Health Network

8

indicates that she "likely has mild knee contusion" and was advised to take Advil for her pain. (Plaintiffs' Exhibit C, at [18].)

Appellant's treatment records reflect that she sought treatment on August 18, 2016, at which time she saw her psychiatrist. (*Id.* at [28].) The report indicates she was seen for follow up regarding her "Panic Disorder/Agoraphobia/[Generalized Anxiety Disorder]." (*Id.*) Appellant reported that she has difficulty driving, and that it took her a longer-than-normal amount of time to get to the psychologist's office, "but she did okay." (*Id.*) It also indicates that "She has a good relationship with her father and he has been getting out ore and spending time with family, friends. She saw her brother at a neighborhood block party and it did not go well. She is feeling better overall about her mothers (sic) death." (*Id.*)

Appellant did not subsequently treat with any healthcare professionals until March of 2017, when she treated with a chiropractor with whom she treated on two prior occasions. (Plaintiff's Exhibit C, at [27], [3].) Appellant claimed she suffered from panic attacks, but acknowledged that the frequency of her panic attacks had not increased after the accident. (Defendant's Exhibit D, at 30.)

Significantly, the medical records did not draw a distinction between any pre-existing anxiety-related conditions and any psychological conditions stemming from the motor vehicle accident, and Appellant did not produce an expert report linking the two. Appellant conceded she had not received any injections to any parts of her body since the accident. (*Id.* at 38.) She did not undergo an MRI to any part of her body to confirm the nature and extent of her injuries, and she was not recommended to undergo surgery to any parts of her body since the accident. (*Id.* at 33, 37-38.)

9

In Appellants' response to Appellee's Motion for Partial Summary Judgment, Plaintiffs asserted that Mrs. Lyzkanycz "was bleeding from the head and knee at the scene of the accident. *As a result of the accident,* she has panic anxiety syndrome which is continuing and for which she is still treating." (Brief in Opposition to Defendant's Motion for Partial Summary Judgment, at [10] (emphasis added).) However, as noted above, Appellant's medical records indicated that family issues and Plaintiff's mother's death are issues for which she was receiving psychological care. Appellant did not offer any affirmative evidence linking the motor vehicle accident to her anxiety disorder. Appellant's treatment for back pain came two years after the accident, and there was not any testimony or evidence of record indicating that during the time between the accident and the treatment she received in March of 2017, Mrs. Lyzkanycz suffered an impairment of a body function as a result of the accident.

On appeal, Appellants contend that the Court's determination conflicts with the Pennsylvania Supreme Court's holding in *Washington v. Baxter*, in which the court determined that in all but the clearest of cases, the question of whether an injured motorist has adduced sufficient evidence to overcome the limited tort threshold is reserved for the jury. *Washington,* 719 A.2d at 740. In *Washington*, the injured motorist presented evidence that his right foot was impaired following an accident. *Id.* He was treated in the emergency room and discharged a few hours later. *Id.* at 740-41. The plaintiff missed a few days of work as a result of the accident, and approximately six months later, a physician observed that Appellant had an arthritic issue which might require the use of an orthotic heel. *Id.* at 741. The plaintiff reported that he was still able to perform his work duties and the only impairment from which he suffered was that he had to use a riding lawn mower. *Id.* Based on this evidence, the Pennsylvania Supreme Court concluded that

10

the grant of summary judgment was proper because reasonable minds could not differ on the conclusion that the plaintiff's injury was not serious. *Id.*

The same conclusion applies in this case. Both Appellants produced evidence indicating that they sustained an injury as a result of the motor vehicle accident with Appellee. However, both had a sporadic history of treatment, and the medical records did not indicate instances of treatment stemming from the motor vehicle accident as opposed to other pre-existing or subsequently-developing conditions. Appellants neither offered expert reports classifying their injuries as serious, nor testified to any serious impairment of a body function under the test laid out in *Washington v. Baxter.*

## Conclusion

Because Appellants failed to offer any evidence demonstrating that either of them suffered a serious impairment of a body function, partial summary judgment was properly granted in favor of Appellee, and the Court's Order of September 26, 2017 should be **AFFIRMED.**

By the Court:

Douglas G. Reichley, J.

11

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA

CIVIL COURT DIVISION

Document Distribution List

File No.: 2016-C-2527                                                                4/18/2018

| ✓ Christin L Kochel, Esq | Forry Ullman<br>Suite 450<br>150 South Warner Rd<br>King of Prussia PA 19406 |
| --- | --- |
| ✓ Richard J. Orloski, Esq | The Orloski Law Firm<br>111 North Cedar Crest Boulevard<br>Allentown PA 18104-4602 |

## 236 NOTICE

Pursuant to Pa.R.C.P. § 236, notice is hereby given that an order, decree, or judgment in the above captioned matter has been entered.

Andrea E. Naugle
Clerk of Judicial Records

CV15b